**Alfonso G. KENNELL, Plaintiff–Appellant,**

v.

**Christopher ALLEN, Defendant–Appellee.**

No. 00–3209.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001 *.

Decided Feb. 6, 2001.

Before Hon. COFFEY, Hon. RIPPLE, Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Alfonso Kennell filed this lawsuit against police officer Christopher Allen, alleging that Officer Allen conducted an illegal search of his apartment. In a pretrial deposition, however, Officer Allen asserted that he had permission to be in the apartment because Mr. Kennell had summoned him to report a stolen automobile. Further, Officer Allen denied searching the apartment, claiming instead that he merely looked into an open bedroom to determine if other persons were present after Mr. Kennell repeatedly glanced into that room. A jury found that Officer Allen had not illegally searched Mr. Kennell's apartment,

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

and the district court entered judgment accordingly.

■ Mr. Kennell, an African–American, appeals the verdict, asserting only that racial considerations must have motivated the all-white jury to decide against him and in favor of the white police officer. Mr. Kennell suggests that the outcome of his trial would have been different had the jury been composed, at least in part, of African–Americans who could "identify what Black people go through with police who live in the inner city." We rejected this identical argument in *United States v. Nururdin*, 8 F.3d 1187 (7th Cir.1993), and expressed our confidence in jurors of any race to perform their duties in an impartial manner. *See id.* at 1190. Further, the voir dire process allows the court and the parties' attorneys to inquire about possible bias. *See United States v. Torres*, 191 F.3d 799, 809 (7th Cir.1999). The jurors for Mr. Kennell's trial were asked if anything in their background might prevent them from acting impartially, and Mr. Kennell makes no argument that any of them answered affirmatively. Finally, we note that a litigant is not entitled to a jury comprised in whole or in part of members of his race. *See Batson v. Kentucky*, 476 U.S. 79, 85, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Accordingly, we AFFIRM the judgment of the district court.